**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-11338

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

WAYNE BURCKS,
   a.k.a. Wayne Burkes,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:15-cr-60330-WPD-1

————————————

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Wayne Burcks, a federal prisoner proceeding pro se, appeals the denial of his most recent motion for compassionate release

under 18 U.S.C. § 3582(c)(1)(A).  Burcks contends the district court abused its discretion because he demonstrated extraordinary and compelling reasons for relief under U.S.S.G. § 1B1.13(b)(5) and the 18 U.S.C. § 3553(a) factors weighed in favor of his release.  After review,[1] we affirm.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow district courts to reduce a defendant's term of imprisonment upon motion of the defendant.  *See* Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018); 18 U.S.C. § 3582(c)(1)(A).  A district court may grant a sentence reduction if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of a sentence reduction.  *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021).  When the district court finds that one of these prongs is not met, it need not examine the other prongs. *United States v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021).

Burcks filed his first motion for compassionate release in December 2020, and the district court denied the first motion that same month.  Burcks appealed the district court's denial, and we affirmed the district court on January 31, 2022.  *United States v. Burcks*, No. 20-14865, 2022 WL 275271 at *5 (11th Cir. Jan. 31, 2022) (unpublished).  While his appeal was pending, Burcks filed a letter

---

[1] We review de novo whether a defendant is eligible for a sentence reduction under § 3582(c)(1)(A).  *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).  After eligibility is established, we will review the district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion.  *Id.*

that the district court construed as another motion for compassionate release and then another actual § 3582(c)(1)(A) motion, both of which the court denied.  Burcks' current motion for compassionate release was filed on April 16, 2024, and was denied by the district court the next day.  Many of Burcks' arguments in this appeal were addressed in our prior opinion affirming the denial of his first motion for compassionate release.

The district court did not abuse its discretion in denying Burcks' most recent motion for compassionate release because he did not show that extraordinary and compelling reasons for relief existed.  *See* U.S.S.G. § 1B1.13(b)(1)-(5).  The reclassification of a Hobbs Act robbery as no longer a crime of violence for career-offender purposes is not an extraordinary and compelling reason because (1) Burcks does not meet the narrow criteria for considering changes in the law under § 1B1.13, and (2) this Court previously held in Burcks' earlier appeal that the reclassification "does not warrant [his] early release under § 3582(c)."  *Burcks*, 2022 WL 275271 at *5; U.S.S.G. § 1B1.13(b), (c).  Further, as we previously held, Burcks' medical conditions and contraction of COVID-19 did not rise to the level of an extraordinary and compelling reason because they do not rise to the level of terminal illness or serious illness under § 1B1.13(b).  *See Burcks*, 2022 WL 275271 at *4; U.S.S.G. § 1B1.13(b)(1).  Likewise, Burcks' age is not an extraordinary and compelling reason because he is not the required minimum 65 years old.  *See* U.S.S.G. § 1B1.13(b)(2).  Additionally, his post-sentencing rehabilitation does not by itself justify relief under § 3582(c)(1)(A).  *See* U.S.S.G. § 1B1.13(d).  Thus, Burcks has not

shown the collection of his circumstances establish an extraordinary and compelling reason for relief because none of his circumstances satisfy U.S.S.G. § 1B1.13's criteria. *See* U.S.S.G. § 1B1.13(b)(1)-(5).

The district court did not need to analyze in the alternative whether the § 3553(a) factors merited relief because it determined that Burcks had not shown an extraordinary and compelling reason for relief, which itself is fully sufficient to deny his motion. *See Giron*, 15 F.4th at 1347-48. The district court nevertheless conducted this analysis, acknowledging its consideration of his court filings, the PSI, the § 3553(a) factors, the Sentencing Guidelines' policy statements, and his mitigating circumstances. *See United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021) (stating a district court should consider "all applicable" § 3553(a) factors[2] when it grants or denies a motion for compassionate release); *Tinker*, 14 F.4th at 1241 (stating the district court need not address each of the § 3553(a) factors or all the mitigating evidence, and the weight given to any § 3553(a) factor is committed to the discretion of the district court).

In conducting this analysis, the court did not err in weighing the need for deterrence and promotion of respect for the law heavier than Burcks' mitigating circumstances because he had engaged

---

[2] Factors under § 3553(a) the district court may consider include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the crime, promote respect for the law, provide just punishment, deter future criminal conduct, and protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C).

24-11338                 Opinion of the Court                 5

in a "pattern of serious violent crimes" prior to his most recent offense, which injured two customers at a jewelry store and resulted in a high-speed chase damaging civilian and law enforcement vehicles. *See Tinker*, 14 F.4th at 1241. Burcks' 23 prior felonies, which included multiple burglaries involving civilians or resulting in a high-speed chase, and the harm from his most recent burglary that he committed while serving a prior sentence, supports the court's decision. The reclassification of Hobbs Act robbery as no longer a crime of violence under the Guidelines does not prohibit consideration of his actual criminal history and the underlying facts of, and harm caused by, his offense. *Burcks*, 2022 WL 275271 at *5.

We previously held the court did not abuse its discretion by affording significant weight to the need for deterrence and promotion of respect for the law, and we once again affirm for this reason. *Id.*

**AFFIRMED.**